UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:09-CV-65-MR-DCK

| | |
|---|---|
| FRANKLIN LEDFORD, ) | |
| ) | MEMORANDUM AND |
| Plaintiff, ) | RECOMMENDATION |
| v. ) | |
| ) | |
| D.R. HORTON, INC., and D.R. HORTON, ) | |
| INC. – CHARLOTTE DIVISION, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| and ) | |
| ) | |
| D.R. HORTON, INC., ) | |
| Third-Party Plaintiff, ) | |
| v. ) | |
| ) | |
| CAROLINA FRAMERS, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Defendant D. R. Horton, Inc.'s Revised Motion to Dismiss"(Document No. 17) filed on March 23, 2009. Franklin LEDFORD ("Plaintiff") has not filed a response. The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having fully considered the record, including the motion and supporting memorandum (Document Nos. 17, 18), the undersigned recommends that the motion to dismiss be **granted**, based upon the following proposed findings of fact and conclusions of law:

### I. Findings of Fact

The Plaintiff filed his state complaint in Mecklenburg County Superior Court, Case Number 09-cvs-814, on January 12, 2009. (Document No. 1-4, "Complaint"). According to the complaint, on or about February 27, 2006, Plaintiff was working as a plumber at a home being built by D.R. Horton, Inc. (a builder and general contractor) in Mecklenburg County, North Carolina, when a staircase collapsed at the site, thereby causing bodily injuries to Plaintiff.

Defendant D. R. Horton, Inc. ("Defendant") removed this case to federal court. (Document No. 1, "Notice of Removal"). Plaintiff filed its Amended Complaint on February 26, 2009. (Document No. 11). Defendant timely responded to Plaintiff's Amended Complaint on March 9, 2009 by filing its Answer to Amended Complaint and Amended Third Party Complaint against Carolina Framers (Doc. No. 15). An initial motion to dismiss was mooted by virtue of the amended complaint. (Document No. 21 "Order"). On March 23, 2009, Defendant filed a revised motion to dismiss pertaining to the Amended Complaint. (Document No. 17).

## II. Conclusions of Law

Civil Rule 12(b) of the Federal Rules of Civil Procedure provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.

In its revised motion to dismiss, Defendant D. R. Horton, Inc. asserts that the Complaint cannot state a claim against DRHI – Charlotte Division because that entity no longer exists. The

Defendant concludes that the Court should dismiss this named party from the lawsuit as a matter of law. The Defendant succinctly advises the Court that "DRHI – Charlotte Division merged into D.R. Horton, Inc. in 1991 and thereafter ceased to exist." (Document No. 17, p.1).[1] Plaintiff's cause of action did not arise until 2006.

Defendant indicates that "[t]his motion is based on the pleadings filed in this action, and select portions of the Articles of Merger of D.R. Horton, Inc. – Charlotte Division With and Into D.R. Horton, Inc., and affidavits filed or to be filed in this matter." (*Id.* p. 2). Specifically, the Defendant indicates that:

> On December 3, 1991, D.R. Horton, Inc., a Delaware corporation, and Defendant DRHI - Charlotte Division, a North Carolina corporation, agreed to merge. This merger was memorialized in "Articles of Merger" that were filed with the North Carolina Secretary of State's Office on December 19, 1991. (*See* Doc. Nos. 1-3, Articles of Merger of D.R. Horton, Inc. – Charlotte Division With and Into D.R. Horton, Inc."). This merger agreement states, in pertinent part, that the parties "execute these Articles of Merger for the purposes of merging the [North Carolina] Company with and into the Delaware Company, with the Delaware Company being the surviving corporation…." (*Id.* at introductory paragraph.) The merger agreement further clarifies the status of the parties by stating the "North Carolina Company shall be merged with and into Delaware Company, and Delaware Company shall survive the merger and shall be the Surviving Company…." (*Id.* at Ex. A, p. 2, ¶ 1.) As a result, the entity known as "D.R. Horton, Inc. – Charlotte Division" ceased to exist in 1991. (Document No. 18, p. 2).

Although the Defendant cites no case law and does not ask for dismissal pursuant to any particular rule, it does point to the Articles of Merger filed with the North Carolina Secretary of State as the basis for its argument. The Court may properly consider this document. See 5A Charles A.

---

[1] The Defendant also noted this fact in its "Notice of Removal" (Document No. 1-6, p. 2, fn. 1).

Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1357, at 299 (1990) (courts may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" when considering a motion to dismiss). "In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record." *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir.2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986)).

Generally, "in the case of a merger, in the strict sense of the term, one of the combining corporations continues in existence and absorbs the other; the merged corporation is dissolved or ceases to exist." 19 Am. Jur. 2d Corporations § 2252 (2009). See, e.g., *Agra, Gill & Duffus, Inc. v. Benson*, 920 F.2d 1173, 1178 (4th Cir. 1990) (observing that the district court properly allowed an amendment to the complaint reflecting the merger because the surviving entity ("AG & D") was the proper plaintiff in this lawsuit); *Fraley v. ABF Freight System, Inc.*, 47 F.Supp.2d 631, 632 (W.D.N.C. 1999) (discussing successive mergers and observing that the Defendant "WorldWay" was the surviving corporate entity). In the present case, the Plaintiff has already sued the corporation which survived the 1991 merger, D.R. Horton, Inc. Plaintiff has not presented any argument to the contrary or otherwise responded to the motion to dismiss.

**IT IS, THEREFORE, RECOMMENDED** that the "Defendant D. R. Horton, Inc.'s Revised Motion to Dismiss" (Document No. 17) should be **GRANTED;** the party "DRHI-Charlotte Division" should be dismissed from this action.

### III. Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions law and the recommendations contained in this

memorandum must be filed within ten (10) days after service of same.  *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir.1989); *United States v. Rice*, 741 F.Supp. 101, 102 (W.D.N.C.1990).  Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Signed: June 2, 2009

David C. Keesler
United States Magistrate Judge