IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09cv65

| | | |
|---|---|---|
| FRANKLIN LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| D.R. HORTON, INC. and | ) | |
| CAROLINA FRAMERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendant D.R. Horton, Inc.'s Application for Default Judgment against Carolina Framers, Inc. [Doc. 32].

On September 1, 2009, the Clerk of Court entered default as to Carolina Framers, Inc. (Carolina Framers) for its failure to answer or otherwise appear in connection with the cross-claims asserted against it by D.R. Horton, Inc. (Horton). [Doc. 29]. Horton now moves for default judgment claiming "damages in the form [of] attorneys fees and costs, in connection with its claims of equitable and contractual indemnity against Carolina Framers, Inc. in the amount of $26,444.64 through September 30, 2009, with such fees and costs and any lawful interest thereon increasing as this litigation progresses." [Doc. 33-2, at 3]. Nothing more is submitted.

Horton's cross-claim against Carolina Framers was for contractual

indemnification pursuant to an Independent Contractor Agreement for framing, including the framing of a staircase at 12723 Ballinderry Drive, Charlotte, North Carolina. [Doc. 15, at 11-12]. Horton claims the contract entitles it to indemnification for any damages it might be obligated to pay to the Plaintiff in connection with the personal injuries he sustained when the staircase at the premises collapsed, causing the Plaintiff to fall. [Id. ("Carolina Framers ... agreed to hold D.R. Horton, Inc. harmless against any and all claims, losses, costs, and damages, including but not limited to claims for personal injury[.]")]. Horton also alleges that it is entitled to attorneys' fees and costs as part of the indemnification contract. [Id., at 13].

Horton settled with the Plaintiff and those parties filed a stipulation of dismissal. [Doc. 26]. However, there is nothing in the record showing the amount of settlement paid by Horton to the Plaintiff. In fact, in the pending motion, Horton asks only for damages in the form of attorneys' fees. However, there is nothing in the record showing that the contract provided for indemnification for attorneys' fees, and Horton has submitted nothing in its memorandum of law to reflect that the law supports the recovery of attorneys fees as part of any such indemnification. Furthermore, counsel has not submitted an affidavit showing the hourly rates charged and the hours expended in the action. To complicate the matter, counsel submitted a

proposed order which does not contain any sum to be included in the judgment. [Doc. 32-2].

Federal Rule of Civil Procedure 55 provides, in pertinent part, that

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> In all other cases, the party must apply to the court for a default judgment. ... The court *may* conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages[.]

Fed.R.Civ.P. 55(b) (emphasis provided). It would appear that counsel could make a claim for a sum certain by submitting an affidavit which clarifies the amount of damages sought. The record presently before the Court, however, does not allow such determination of the amount of damages.

**IT IS, THEREFORE, ORDERED** that Defendant D.R. Horton, Inc.'s Application for Default Judgment against Carolina Framers, Inc. [Doc. 32] is hereby **DENIED** without prejudice.

Signed: November 24, 2009

Martin Reidinger
United States District Judge